**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

OSCAR FERNANDO
BRAVO-CAMARGO,

        Defendant-Appellant.

No. 06-2090
(CR-05-2143-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

        The government has filed a motion to enforce the plea agreement with

defendant Oscar Fernando Bravo-Camargo. In the agreement,

Mr. Bravo-Camargo waived his right to appeal his conviction and sentence on the

charge of possessing with intent to distribute 500 grams and more of cocaine.

Defendant's attorney does not oppose the motion to enforce. This court notified

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Bravo-Camargo that he could file a written opposition to the motion to enforce, but he did not do so.

This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We have carefully reviewed the transcript of the hearing at which Mr. Bravo-Camargo entered his guilty plea. The presiding magistrate judge thoroughly reviewed the terms of the waiver with Mr. Bravo-Camargo. We conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM